IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

TRANSAMERICA LIFE
INSURANCE COMPANY,
WESTERN RESERVE LIFE
ASSURANCE CO. OF OHIO, and
TRANSAMERICA FINANCIAL LIFE
INSURANCE COMPANY,

    Plaintiffs/Counterclaim
    Defendants,

vs.

LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

    Defendant/Counterclaimant,

No. C06-0110

RULING ON MOTION TO COMPEL

## TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  ISSUE PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV. ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    A. *Waiver* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    B. *Objections* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        1. *Overly Broad and Unduly Burdensome* . . . . . . . . . . . . . . . . . 7
        2. *Premature* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    C. *Attorney Fees* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

V.   ORDER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## I. INTRODUCTION

This matter comes before the Court on the Motion to Compel (docket number 25) filed by Defendant/Counterclaimant Lincoln National Life Insurance Company ("Lincoln") on August 24, 2007, and the Resistance (docket number 27) filed by Plaintiffs/Counterclaim Defendants Transamerica Life Insurance Company, Western Reserve Life Assurance Co. of Ohio, and Transamerica Financial Life Insurance Company (collectively "Transamerica") on September 6, 2007. Pursuant to Local Rule 7.1.c, the Motion will decided without oral argument.

## II. ISSUE PRESENTED

On February 26, 2007, Lincoln served eleven interrogatories to be answered by Transamerica. Interrogatory number 9 provided:

> With respect to each reference that Plaintiff/Counterclaim Defendants believes invalidates Claim 35 of the '201 Patent, provide an element-by-element comparison of each reference to Claim 35 by describing with specificity how the patented features are present or disclosed in <u>each</u> of the references.[1]

In its Answers to the Interrogatories, filed June 29, 2007, Transamerica objected to the Interrogatory "as overly broad and unduly burdensome." Transamerica objected further on the grounds that the Interrogatory was "premature given the Court's deadlines." Transamerica's Answer advised that "[t]his information will be provided to Lincoln National pursuant to the Scheduling Order entered by the Court in this matter."[2]

In its instant Motion, Lincoln requests that the Court enter an order "[c]ompelling Transamerica to fully and completely answer Lincoln Interrogatory No. 9" and award attorney fees. Lincoln argues that Transamerica's objections were untimely and, therefore, waived. Alternatively, Lincoln argues that the objections are without merit. Transamerica resists Lincoln's Motion to Compel, arguing that the objections were timely filed pursuant to an agreement between the parties. Furthermore, Transamerica claims that the discovery

---

[1] *See* Motion to Compel, Exhibit 2 (docket number 25-3 at 5).

[2] *See* Motion to Compel, Exhibit 4 (docket number 25-5 at 10).

sought by Lincoln in Interrogatory number 9 is prohibited at this time under the terms of the Court's Scheduling Order.

### III. RELEVANT FACTS

Both Transamerica and Lincoln are in the business of designing, marketing, and selling annuity products and other financial products. Lincoln is the owner of United States Patent No. 7,089,201 ("'201 Patent"), entitled "Method and Apparatus for Providing Retirement Income Benefits," issued on August 8, 2006. The Patent identifies "[c]omputerized methods for administering variable annuity plans."[3] In anticipation that Lincoln would claim that one or more of its products infringe on the Patent, Transamerica filed the instant action on the same date that the Patent was issued, seeking a declaratory judgment. In addition to claiming that its products do not infringe the '201 Patent, Transamerica further asserts that the '201 Patent is invalid.

On February 26, 2007, Lincoln filed eleven interrogatories to be answered by Transamerica. In Interrogatory number 8, Lincoln sought information regarding Transamerica's claim that the '201 Patent is invalid:

> State all material facts, identify all witness with knowledge of those facts, and identify all documents that support the assertion in Paragraph 23 of Plaintiff/Counterclaim Defendants' Complaint that the "'201 Patent is invalid under the provisions of 35 USC § 102, under the provisions of 35 USC § 103, and on other grounds."[4]

In its Answer, Transamerica initially objects on the grounds that the Interrogatory is "overly broad and unduly burdensome." Transamerica also objects for the reason that the Interrogatory is "premature given the Court's deadlines, including but not limited to the deadlines for prior art statements and expert reports." Notwithstanding the objections, however, Transamerica answered the interrogatory and stated that "[e]ach of the elements

---

[3] *See* Answer, Attachment 1, United States Patent No. 7,089,201 (docket number 14-2 at 2).

[4] *See* Motion to Compel, Exhibit 2 (docket number 25-3 at 4).

of Claim 35 and the dependent Claims of the '201 Patent are demonstrated within written publications including other annuity product information and publications within the financial services industry related to annuity products." Transamerica's Answer then references fifty-six patents, products, and publications which include "invalidating prior art references."[5]

As set forth above, in Interrogatory number 9, Lincoln asks that Transamerica "provide an element-by-element comparison of each reference to Claim 35 by describing with specificity how the patented features are present or disclosed in each of the references." Transamerica responded that the Interrogatory is "overly broad and unduly burdensome" and "premature given the Court's deadlines, including, but not limited to the deadlines for prior art statements and expert reports." That is, Transamerica claims that Lincoln is precluded from conducting discovery on alleged prior art references, pursuant to the Court's scheduling order.

On March 15, 2007, the Court approved a Scheduling Order, Discovery Plan, and Order on Miscellaneous Pretrial Matters (docket number 23) submitted by the parties. The "Scheduling Order" portion of the Order sets deadlines for adding parties, amending pleadings, identifying experts, completing discovery, and filing dispositive motions. The Order specifically provides that "[f]act discovery may begin immediately."

The "other matters" portion of the Order addresses the *Markman* hearing, prior art, pleading of defenses, privilege, and related issues. Regarding prior art, the Order provides in pertinent part as follows:

> No later than one hundred and ten (110) days after the Court's Markman order, the Transamerica companies must serve on Lincoln a "Prior Art Statement," which must contain a list of all of the prior art on which the Plaintiffs/Counterclaim Defendants rely, and a complete and detailed explanation of what the Plaintiffs/Counterclaim Defendants allege the prior

---

[5] *See* Motion to Compel, Exhibit 2 (docket number 25-5 at 5-9).

art shows and how that prior art invalidates the claims asserted by Lincoln.[6]

Pursuant to the Scheduling Order, the *Markman* hearing is scheduled before Judge Mark W. Bennett on November 2, 2007. Accordingly, Transamerica believes it is not required to provide an explanation regarding how the prior art invalidates the '201 Patent until 110 days after Judge Bennett files a ruling following the *Markman* hearing.

## IV. ANALYSIS

### A. Waiver

Initially, Lincoln argues that Transamerica waived its right to object to Lincoln's interrogatories by failing to timely respond. Lincoln served its interrogatories on February 26, 2007. Transamerica was then required to "serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories." FED. R. CIV. P. 33(b)(3). Three additional days are added for service, and since the resulting deadline fell on a weekend, the deadline for responding was April 2, 2007. *See* FED. R. CIV. P. 6(a) and (e). Transamerica served its Answers to Interrogatories on June 29, 2007, some eighty-eight days after the deadline.

Transamerica argues, however, that the deadline was extended by agreement of the parties. On March 23, 2007, counsel agreed in a telephone conversation that Transamerica would be given "an additional couple of weeks" to respond to Lincoln's discovery requests. The agreement was memorialized in a letter from Mr. Collins to Mr. Furst, dated March 23, 2007.[7] In its Resistance to the instant Motion to Compel, Transamerica states that "[b]ecause of other professional obligations . . . Transamerica's counsel was unable to serve responses to Interrogatories 8 and 9 until June 29, 2007."[8]

---

[6] *See* Scheduling Order, (docket number 23 at 6).

[7] *See* Motion to Compel, Exhibit 3 (docket number 25-4 at 2).

[8] *See* Resistance, (docket number 27-1 at 9).

5

Any objection to an interrogatory which is not made timely "is waived unless the party's failure to object is excused by the court for good cause shown." FED. R. CIV. P. 33(b)(4). *See also Ayers v. Continental Casualty Co.*, 240 F.R.D. 216, 222 (N.D. W. Va. 2007); *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 538 (D. Conn. 2006); *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409-410 (C.D. Cal. 2005). Accordingly, it is necessary for the Court to determine whether Transamerica's objections were "timely" and, if not, whether there was "good cause" for the delay.

Pursuant to the Rules of Civil Procedure, the deadline for Transamerica answering or objecting to Lincoln's interrogatories was April 2, 2007. Transamerica did not seek nor did it obtain an extension of time from the Court in which to respond to Lincoln's Interrogatories. The parties agreed between themselves, however, that Transamerica would be given "an additional couple of weeks." The answers and objections were served more than twelve weeks later. The Court concludes that under any reasonable definition of the term "couple of weeks," the responses were not timely served in compliance with the parties' agreement.

Accordingly, the Court must determine whether Transamerica has demonstrated "good cause" for its failure to timely respond. Transamerica argues that the extension "was not for a specific length of time" and the delay was the result of "other professional obligations."[9] The Court concludes that the excuses proffered by Transamerica do not rise to the level of "good cause" as required by Rule 33(b)(4). By failing to timely respond, the Court concludes that the objections now raised by Transamerica were waived.

### B. Objections

In response to Interrogatory number 9, Transamerica objects on the ground that the Interrogatory is "overly broad and unduly burdensome." It further objects on the ground that the Interrogatory is "premature given the Court's deadlines." As set forth above, the

---

[9] *See* Resistance, (docket number 27-1 at 9).

Court has concluded that the objections were not timely filed and, therefore, were waived. For the reasons which follow, however, the Court concludes that the objections lack merit in any event.

### 1. *Overly Broad and Unduly Burdensome*

First, Transamerica argues that Interrogatory number 9 is overly broad and unduly burdensome. In its Complaint, Transamerica claims that "The '201 Patent is invalid under the provisions of 35 USC § 102, under the provisions of 35 USC § 103, and on other grounds."[10] A patent is presumed to be valid. 35 U.S.C. § 282. Transamerica has the burden of proving the invalidity of the '201 Patent. *Clark Equipment Co. v. Keller*, 570 F.2d 778, 794 (8th Cir. 1978) ("Under 35 U.S.C. § 282, a patent which has survived the scrutiny of the Patent Office carries a presumption of validity, and a party objecting to the validity of a patent bears the burden of establishing invalidity.").

In its Answer to Interrogatory number 8, Transamerica identified fifty-six references to prior art, which it claims support its argument that the '201 Patent is invalid pursuant to 35 U.S.C. §§ 102 and 103. In Interrogatory number 9, Lincoln requests that Transamerica "describ[e] with specificity how the patented features are present or disclosed in each of the references." Since Transamerica bears the burden of establishing that the references constitute invalidating prior art, the Court concludes that it is not "overly broad and unduly burdensome" to require Transamerica to identify precisely how each of the references pertains to the '201 Patent. Indeed, the information requested in Interrogatory number 9 is essentially the same as that required by the Court in the "Prior Art Statement" referred to in the Scheduling Order. That is, Transamerica must list in the Prior Art Statement all of the prior art on which it relies and include "a complete and detailed explanation of what the Plaintiffs/Counterclaim Defendants allege the prior art shows and how that prior art invalidates the claims asserted by Lincoln." Accordingly, the Court finds that Transamerica's first objection is without merit.

---

[10] *See* Complaint (docket number 1) at 6, ¶ 23.

## 2. *Premature*

Transamerica next argues that the Interrogatory is "premature" in view of the Scheduling Order, which requires Transamerica to serve a "prior art statement," which includes essentially the same information, no later than 110 days after the Court's *Markman* Order. That is, Transamerica argues that by requiring disclosure of the information 110 days following the *Markman* Order, the Court precluded discovery on those issues prior to that time. Lincoln argues, on the other hand, that nothing in the Court's Order stayed the discovery which it requests in Interrogatory number 9.

A similar issue was addressed by the Court in *Medtronic, Inc. v. Guidant Corp.*, 2003 WL 23864972 (D. Minn.). Medtronic claimed that it, rather than the named inventors, was the inventor of five of the patents at issue in that case. One of the defendants submitted an interrogatory seeking information related to that claim. Medtronic argued that it was not required to answer that "'contention interrogatory' until the Court issues its claim construction order in this case." *Id.* at *3. The Court rejected Medtronic's argument, finding "untenable" its claim that the parties should wait to conduct discovery on that particular defense. *Id.* at *4. The Court found persuasive the defendant's argument "that holding off on discovery prejudices CPI's ability to design an effective discovery strategy that complies with the Pretrial Scheduling Order in this case." *Id.*

Similarly, the Court concludes in the instant action that simply because Transamerica is required to serve a prior art statement following the Court's claim construction order, does not preclude Lincoln from conducting discovery on that issue prior to that time. The Court understands that Transamerica's analysis in this regard is undoubtedly ongoing. In addition, it may add or delete prior art references after the Court clarifies the claims following the *Markman* hearing. Transamerica is not required to finalize its list of prior art references until it files the prior art statement required by the Scheduling Order.

There is nothing in the Scheduling Order, however, which limits Lincoln's discovery on this issue. Simply because Transamerica is *required* to submit a prior art statement no later than 110 days after the *Markman* hearing, explaining in detail how the prior art invalidates the '201 Patent, does not preclude Lincoln from seeking similar information on the prior art already identified. This situation was described succinctly by the Court in *Motorola, Inc. v. Alexander Mfg. Co.*, 1991 WL 325499 (N.D. Iowa), as follows:

> While the court has no reason to doubt Alexander's claim that its investigations continue, the fact remains that Alexander has already listed, for unknown reasons, certain specific items of prior art. Thus, Alexander must have, at the present time, some idea of how each item of prior art relates to the patent in suit under which it is listed in the interrogatory responses.

*Id.* at *1. Similarly, Transamerica has listed fifty-six references to allegedly invalidating prior art. Presumably, it had some reason for listing those references, and the Court concludes that it should be required to share those reasons with Lincoln at this time.

In support of its argument, Transamerica cites *IP Innovation L.L.C. v. Sharp Corp.*, 219 F.R.D. 427 (N.D. Ill. 2003). There, the Court held that defendant was not required to "more precisely identify its invalidity contentions" until after it received plaintiffs' expert report. It further concluded, however, that plaintiff could seek production of an analysis of any prior art or other invalidity defense prior to the Court's *Markman* ruling. *Id.* at 430 ("Defendant's request, however, to delay providing its invalidity positions until after the district court construes the claims of the patents is denied.").

The Court believes that this interpretation of the Scheduling Order is also consistent with a discussion which counsel had regarding discovery prior to submission of the proposed Scheduling Order. In a letter to Lincoln's counsel dated March 14, 2007, Transamerica's counsel stated:

> This will confirm your telephone conversation of Tuesday, March 13, 2007, with Kevin Collins in which it was agreed that nothing in the Scheduling Order in this case will prohibit Lincoln National from engaging in discovery of matters

9
Case 1:06-cv-00110-MWB   Document 38   Filed 09/24/07   Page 9 of 11

> unrelated to claims construction issues prior to the Court's Markman Ruling. As we discussed, if the Plaintiffs feel that the discovery pre-Markman is excessive based upon the fact that we would not, as yet, have claim terms defined, we will seek a Protective Order or otherwise take the matter to the Court; however, by your agreement to the Scheduling Order, you are not precluded from engaging in discovery pre-Markman.[11]

Thus, the parties specifically agreed that discovery unrelated to claims construction issues could occur prior to the *Markman* hearing. Nothing in the parties' agreement or in the Court's Scheduling Order prohibits discovery on invalidity issues prior to the submission of the prior art statement. Therefore, the Court concludes that Transamerica's argument that the Interrogatory is premature is without merit.

### C. Attorney Fees

If a party fails to provide required discovery, then the other party may move to compel disclosure and for appropriate sanctions. FED. R. CIV. P. 37(a). If the Motion is granted, the Court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the Motion to pay to the moving party the reasonable expenses incurred in making the Motion, including attorney's fees, unless the Court finds that "the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(4)(A). *See also Collins v. Burg*, 169 F.3d 563, 565 (8th Cir. 1999) ("FED. R. CIV. P. 37 gives a district court broad authority to impose sanctions for failure to respond to discovery requests or to disclose information required by FED. R. CIV. P. 26(a).").

As set forth above, the Court concludes that Transamerica's objections were not timely served and were, therefore, waived. It must be noted, however, that Lincoln agreed to an extension of time to respond in somewhat vague terms (*i.e.*, "an additional couple of weeks"), with no firm deadline established. Furthermore, while the Court concludes that Transamerica's objections are without merit, the Court believes that the

---

[11] *See* Motion to Compel, Exhibit 5 (docket number 25-6 at 6).

second objection was fairly debatable. That is, one could argue that by including a deadline for serving a prior art statement, the Court intended to preempt any discovery on that issue prior to that time. For the reasons set forth above, the Court does not find the argument persuasive, but believes that Transamerica was substantially justified in litigating the issue. Accordingly, the Court finds that Transamerica should not be required to pay Lincoln its expenses or attorney fees associated with the Motion to Compel.

## V. ORDER

IT IS THEREFORE ORDERED that the Motion to Compel (docket number 25) filed by Lincoln National Life Insurance Company on August 24, 2007, is hereby **GRANTED**. Within twenty (20) days following the entry of this Order, Plaintiffs/Counterclaim Defendants shall supplement their Answer to Interrogatory number 9, or be subject to appropriate sanctions upon further application by Defendant/Counterclaimant.

DATED this 24th day of September, 2007.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA