**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | | |
|---|---|---|
| **TRANSAMERICA LIFE INSURANCE COMPANY, WESTERN RESERVE LIFE ASSURANCE CO. OF OHIO, and TRANSAMERICA FINANCIAL LIFE INSURANCE COMPANY** | ) ) ) ) | **No. C 1:06-cv-00110** |
| **Plaintiffs,** | ) ) ) | |
| **vs.** | ) ) | |
| **LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) ) ) | **PLAINTIFFS' / COUNTERCLAIM DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR STAY OR, IN THE** |
| **Defendant.** | ) ) | **ALTERNATIVE, MOTION FOR CONTINUANCE** |
| **LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) ) ) | |
| **Defendant/Counterclaimant,** | ) ) | |
| **vs.** | ) ) ) | |
| **TRANSAMERICA LIFE INSURANCE COMPANY, WESTERN RESERVE LIFE ASSUANCE CO. OF OHIO and TRANSAMERICA FINANCIAL LIFE INSURANCE COMPANY,** | ) ) ) ) ) | |
| **Plaintiffs/Counterclaim Defendants** | ) ) ) | |

Plaintiffs / Counterclaim Defendants Transamerica Life Insurance Company, Western

Reserve Life Assurance Co. of Ohio, and Transamerica Financial Life Insurance Company

(collectively "Transamerica") provide this Reply in support of their Motion for Stay or, in the

alternative, Motion for Continuance.

**Introduction**

The philosophy that Lincoln National Life Insurance Company advocates is "get it done", not "get it right."  Despite the overwhelming odds that the PTO will accept the Request for Reexamination of the '201 patent and cancel or modify the very claims at issue in this case, Lincoln insists on continuing the litigation.  The bases for Lincoln's position are flawed.[1]

**A.      Transamerica's counsel played no role in the filing of the Request for Reexamination.**

Lincoln's Resistance insinuates that Transamerica is behind the filing of the Request for Reexamination and, by implication, is accusing Transamerica of a covert plan to delay this litigation.  Lincoln's accusations are baseless and flatly denied. Transamerica's counsel did not play any role whatsoever "in preparing, reviewing, or filing the re-examination request." *(Resistance Brief p. 6).*  Transamerica's counsel received a copy of the Request for Reexamination via Federal Express from the Houston law firm that filed the Request (Patterson & Sheridan).  Prior to receipt of the Request, Transamerica's counsel had not communicated with Patterson & Sheridan regarding the filing of the Request for Reexamination (or any other matter related to this litigation).   To this day, Transamerica's counsel has not spoken with Patterson & Sheridan regarding the Request.  Transamerica certainly does not have a joint defense agreement with Patterson & Sheridan, as Lincoln apparently would like the Court to believe.  Transamerica's counsel does not know the identity of the party on whose behalf the Request was filed.  Lincoln has no justification for recklessly proclaiming that "it is clear" that

---

[1] Further, on page 16 of its Resistance, Lincoln claims that the reexamination process will increase the complications to this case.  This is inaccurate.  This process may result in the simplification by either cancellation of a claim or amendment to a claim making clearer certain limitations embodied therein.  Further, the explanations of the PTO

Transamerica has communicated with the party who filed the Request.  *(Resistance Brief p. 6 n. 4)*.

Moreover, if Transamerica were intent on delay, it would not have waited for the Request for Reexamination.  Transamerica could have relied on the summer's historic flooding in downtown Cedar Rapids, which displaced its counsel from their office building for one month and which continues to cause significant disruptions in their practice of law, such as the fact that counsel is prohibited from entering their office building on the weekends or during the evening hours for security and safety reasons.

**B.      The balance of the harms favors a stay.**

Lincoln claims that the delay associated with the issuance of a stay will significantly harm its interests.  Lincoln's basis for such an argument is its right to exclude others from practicing "the invention of the '201 patent" – a property right that it claims to own.  *(Resistance Brief p. 12)*.  In terms of relative harm, Lincoln has little to speak about.

First, Lincoln's case is based upon a <u>private</u> property represented by the '201 patent.  The point of the Request for Reexamination is that the '201 patent represents an inappropriate conversion of <u>public</u> property by which Lincoln is now attempting to profit.  This conversion results in detriment to the public in the form of restricted competition and license fees that ultimately will drive up the cost to that segment of the public that is attempting to obtain a secure retirement in the face of the Social Security System that appears less dependable.

Second, Lincoln has notified a number of other insurance companies of its belief that those insurance companies infringe the '201 patent but has chosen for tactical reasons not to

---

and of Lincoln are further instructive on the limitations that would be operative for any surviving claims, and may

pursue this right of exclusion as against the others.[2]  Thus, if a delay resulting from a stay would cause significant harm to Lincoln, it is imposing this harm on itself many fold over by not pursuing its rights against others.

Third, any delay in the litigation will merely result in increased money damages to Lincoln should it prevail.  This cannot be equated to irreparable damage to Lincoln.

Fourth, Lincoln improperly dismisses any interest of Transamerica and any potential harm to Transamerica in this process.  If the Court were to find the patent is infringed and valid, imposing damages upon Transamerica which are paid, Transamerica would be in the position of having no ability to recover this payment if the Request for Reexamination later resulted in the cancellation or alteration of the claims at issue.[3]  This imbalance of equities is a material consideration regarding the issuance of the stay.  *See Everything for Love.Com, Inc. v. Tender Loving Things, Inc.*, 2006 WL 2091706 (D.AZ.2006)(unpublished)(stay granted on July 21, 2006 in a case that had been scheduled for trial on August 30, 2005, and then was continued for settlement discussions when a defendant filed a Request for Reexamination on February 14, 2006 after a failure of these late settlement discussions).  *See also Bausch & Lomb Incorporated v. Alcon Laboratories, Inc.*, 914 F.Supp 951, 952, 953 (WD NY 1996).

---

provide additional guidance to the jury that would help in the understanding of the matters at issue..

[2] The correspondence attached as Exhibit A shows Lincoln's assertions against Guardian Life Company, AXA Equitable Life Insurance Company, ING Americas, Genworth Financial, Sun America Life Insurance Company, MetLife Insurance Company, Prudential Insurance Company, Jackson National Life Insurance Company, Pacific Life Insurance Company, and John Hancock Financial Services.  Near the end of 2007, Lincoln did initiate litigation against Jackson National Life Insurance Company.

[3] Lincoln's damage expert has opined that the damages in this case approximate $23 million for past infringement, with damages continuing into the future based upon a royalty rate.

**C.      Lincoln has misrepresented the prosecution history of the '201 patent.**

Lincoln's position that the request for reexamination presents nothing new and nothing but weak prior art references *(Resistance Brief p. 15)* is without merit.  Lincoln argues that the Golden Patent (U.S. Patent No. 5,933,815) was of record and "vetted both by the Patent Examiner and the Board of Patent Appeals".  *(Resistance Brief p. 2).*  What Lincoln fails to disclose is that not once but twice its position during prosecution was rejected by the Patent Examiner on essentially the identical ground of §103 obviousness (claims were unpatentable over Golden in view of Corlett, U.S. Patent No. 6,253,192)(LIN078831-845).

The Board of Patent Appeals and Interferences did, in fact, reverse the Patent Examiner's final rejection.  This reversal was not based upon the failure of the prior art references to disclose each of the elements of the claims.  Rather, it was based solely upon the Board's conclusion that there was a lack of suggestion or motivation to modify Golden in view of Corlett. (Board Decision, p.5 (LIN078666)).  Of note, this sole basis for reversal (and allowance of the '201 patent) has now been rejected by the United States Supreme Court in <u>KSR International v. Teleflex</u>, 127 Sup.Ct. 1727, 167 L.Ed.2d 705 (2007).[4]

**D.      Transamerica's filing of this action does not mean that a stay is improper.**

Lincoln's Resistance feigns confusion as to why a party would initiate a declaratory judgment lawsuit and later move for a stay.   This feigned confusion should not carry the day.

First of all, Lincoln would suggest that the parties are litigating the '201 patent only because Transamerica chose to file this lawsuit.  In actuality, three (3) days after Transamerica

---

[4] In <u>KSR</u>, the Court stated: "The obviousness analysis cannot be confined by a formalistic conception of the words teaching, suggestion, and motivation…" <u>Id</u>. at 1741.  "In determining whether the subject matter of a patent claim is obvious, neither the particular motivation nor the avowed purpose of the patentee controls." <u>Id</u>. at 1741-42.

filed this declaratory judgment action, Lincoln sought leave to add claims under the '201 patent

to its Indiana lawsuit against Transamerica regarding United States Patent No. 6,611,815 ("the

'815 patent") and, further, argued strenuously to Judge Springmann that the '201 case should be

conducted in Indiana.  Moreover, Lincoln provided Transamerica with the information on the

'201 patent in an effort to extract a settlement from Transamerica, not out of benevolent motives.

The fact that Transamerica won what Lincoln has characterized as a "race to the courthouse"

does not mean that Lincoln was not also racing to file suit on the '201 patent.

It is also disingenuous for Lincoln to suggest that trying the '201 case would remove all

"clouds" from Transamerica's business.  In the '815 case in Indiana, Lincoln has asserted that

the accused Transamerica products operate in the post-annuitized phase of a variable annuity

contract and infringe.  Unless the Court grants Transamerica's two pending summary judgment

motions, the '815 case will be tried in March 2009.  Further, on May 20, 2008, at 8:05 a.m.,

Lincoln filed a third patent infringement case against the same Transamerica products under the

new '608 patent (United States Patent No. 7,376,608) that issued on that very day.  The '608

case is not scheduled for trial until July 2010.

Finally, for Lincoln to say that "good cause" does not exist for continuation of the

Summary Judgment deadline in light of the Request for Reexamination ignores the vary basis for

the Motion for Stay.  Good cause is replete within the original motion.

### Conclusion

It is therefore respectfully submitted that the basis for issuance of the stay is well founded

and that the grant of a stay would better serve the interests of justice.

Respectfully submitted,

_____/s/ Glenn Johnson_____
GLENN JOHNSON          AT0003856
KEVIN COLLINS            AT0001671
SARAH J. GAYER          AT0002757
                    for
SHUTTLEWORTH & INGERSOLL, P.L.C.
500 Firstar Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:        (319) 365-9461
FAX:          (319) 365-8443
glj@shuttleworthlaw.com


ATTORNEYS FOR TRANSAMERICA LIFE
INSURANCE COMPANY, WESTERN RESERVE
LIFE ASSURANCE CO. of OHIO, and
TRANSAMERICA FINANCIAL LIFE
INSURANCE COMPANY, PLAINTIFFS


Copy to:

D. Randall Brown, Esq.
Gary C. Furst, Esq.
BARNES & THORNBURG LLP
600 One Summit Square
Fort Wayne, IN 46802-3119

Denny M. Dennis, Esq.
Todd A. Strother, Esq.
BRADSHAW, FOWLER, PROCTOR
        & FAIRGRAVE, P.C.
801 Grand Avenue, Suite 3700
Des Moines, IA 50309-5848

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action in compliance with FRCP 5 on ___August 26, 2008_____ by:

[ X ] Electronically via ECF for ECF registrants
[ ] U.S. Mail _____
[ ] Fax _____
[ ] Fed Ex _____
[ ] Hand Delivered _____
[ ] other _____


   /s/  Kathryn J. Ibsen_____