# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, WESTERN RESERVE LIFE ASSURANCE CO. OF OHIO, and TRANSAMERICA FINANCIAL LIFE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | No. C 06-110-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTIONS TO STRIKE AND EXCLUDE WITNESSES' AFFIDAVITS AND OPINIONS** |

_____

This matter comes before the court pursuant to nominal plaintiff Transamerica's[1] September 2, 2008, Motion For Summary Judgment Of Non-Infringement, Summary Judgment on Lincoln's Compensatory Damages Claim, And Motion For Summary Judgment Of Invalidity (docket no. 83). This matter also comes before the court on responsive motions filed by nominal defendant Lincoln, which are Lincoln's September

___

[1] As the court has done in prior rulings in this case, the court will refer to Transamerica Life Insurance Company, Western Reserve Life Assurance Co. of Ohio, and Transamerica Financial Life Insurance Company collectively as "Transamerica." The court will also identify "Transamerica" as the plaintiff, notwithstanding that, by order (docket no. 86), dated September 5, 2008, the court directed that, for purposes of trial and compliance with requirements of the Final Pretrial Order, Lincoln National Life Insurance Company shall be treated and identified as the plaintiff, and Transamerica Life Insurance Company, Western Reserve Life Assurance Company of Ohio, and Transamerica Financial Life Insurance Company shall be treated and identified as the defendants.

26, 2008, Motion To Exclude David R. Cleveland's Opinions For Summary Judgment Purposes and Motion In Limine No. 1 To Exclude Cleveland From Testifying (docket no. 89), and Lincoln's September 26, 2008, Motion To Strike And Exclude Affidavits Of A. Scott Logan And Ronald A. Ziegler And Related Summary Judgment Materials (docket no. 90). The parties have submitted extensive briefs and voluminous appendices in support of and resistance to Transamerica's summary judgment motion, and substantial briefs and appendices in support of and resistance to Lincoln's motions to strike or exclude evidence.

## *I. INTRODUCTION*

In its lengthy *Markman* ruling on claim construction, *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 550 F. Supp. 2d 865 (N.D. Iowa 2008), the court set out in some detail the procedural and factual background to the present litigation. The court will not repeat that background here. Rather, suffice it to say that Lincoln is the assignee of the patent-in-suit, United States Patent No. 7,089,201 B1 (the '201 patent), which is entitled "METHOD AND APPARATUS FOR PROVIDING RETIREMENT INCOME BENEFITS." The Abstract of the '201 patent briefly describes the invention disclosed therein as follows:

> Computerized methods for administering variable annuity plans are disclosed. In certain embodiments, minimum payment features and mechanisms for adjusting current payments in response to cumulative payment totals are provided. Other embodiments provide withdrawal features under which certain guarantees are provided if withdrawals do not exceed predetermined withdrawal rates.

The '201 patent, Abstract. On August 8, 2006, Transamerica filed a Complaint For Declaratory Judgment (docket no. 1) initiating this action. In its Complaint, Transamerica asserts, in essence, that it is not infringing the '201 patent by selling various annuity

2

product contracts. In contrast, in an Answer To Plaintiffs' Complaint And Patent Infringement Counterclaim (docket no. 14), filed December 29, 2006, Lincoln seeks declarations that the '201 patent is not invalid and that Transamerica is infringing it. Lincoln also seeks damages for infringement, injunctive relief from such infringement, and reasonable attorney fees for litigating this matter. Trial in this matter is currently set to begin on December 1, 2008.

In its 213-page *Markman* ruling, filed March 10, 2008, the court determined the constructions of some two dozen disputed claim terms in the pertinent claims of the '201 patent. Predictably, Transamerica then filed the motion for summary judgment now before the court in light of the court's claim constructions, the prosecution history of the '201 patent, and the facts as thus far developed in discovery. Transamerica originally sought summary judgment on the following claims or issues: (1) non-infringement of the '201 patent; (2) Lincoln's claim for compensatory damages for infringement of the '201 patent; and (3) invalidity of the '201 patent (a) under 35 U.S.C. § 112, for failure to satisfy the "written description" requirement; (b) under 35 U.S.C. § 132(a) for violation of the "new matter prohibition"; (c) under 35 U.S.C. § 102 for "anticipation"; and (d) under 35 U.S.C. § 103 for "obviousness." Lincoln strenuously resisted summary judgment on all claims and issues. In its October 3, 2008, Reply (docket no. 97), Transamerica included a Notice Of Withdrawal Of Motion For Summary Judgment (Without Prejudice) Under Sections 102 and 103. In its Notice of Withdrawal, Transamerica explains that, while it is confident that it will present evidence at trial to prove its "anticipation" and "obviousness" invalidity defenses to the jury, it acknowledges that Lincoln's Resistance creates genuine issues of material fact on these issues. Thus, only issues (1) (non-infringement), (2) (compensatory damages), and (3)(a) and (b) (invalidity for violation of

the "written description" requirement and the "new matter prohibition," respectively) are still before the court.

## II.  LEGAL ANALYSIS
### A.  *Transamerica's Motion For Summary Judgment*

The court turns, first, to Transamerica's motion for summary judgment. Whether or not a party is entitled to summary judgment ordinarily turns on whether or not there are genuine issues of material fact, *see* FED. R. CIV. P. 56(c), even in patent cases. *See, e.g., Nike, Inc. v. Wolverine World Wide, Inc.,* 43 F.3d 644, 646 (Fed. Cir. 1994) ("Summary judgment is appropriate in a patent case, as in other cases. . . ."); *Conroy v. Reebok Int'l, Ltd.,* 14 F.3d 1570, 1575 (Fed. Cir. 1994) ("The grant of summary judgment [in a patent case] is appropriate where the standards set forth in Rule 56(c) are satisfied."). To be sure, in or in response to Transamerica's motion for summary judgment, the parties raise various questions of law that the court will ultimately be required to decide. Nevertheless, the court finds that those questions of law, like the questions of fact at issue in Transamerica's motion for summary judgment, are subject to genuine issues of material fact that preclude summary judgment

For example—and it is only one such example—a fundamental and overarching issue raised in Transamerica's motion for summary judgment is whether a Total Withdrawal Base or Withdrawal Base, both shortened to TWB in the parties' briefs, upon which Transamerica's accused riders are based, is the same as or completely different from the "account value" in Claim 35 and dependent claims of the '201 patent. The parties have each marshaled substantial evidence, including differing "expert" opinions, concerning the nature of a TWB and whether or not a TWB differs from an "account value." The court finds that, to resolve this question, which permeates or underlies nearly every other

4

infringement issue raised in Transamerica's motion for summary judgment, the court would have to weigh the facts and evaluate the expert testimony, not merely determine, as a matter of law, the correct construction of a TWB. Such weighing is not the province of the court on a motion for summary judgment. *See Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004) (on a motion for summary judgment, courts "do not weigh the evidence or attempt to determine the credibility of the witnesses"); *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996) (rather than "attempt[ing] to determine the truth of the matter . . . the court's function [at summary judgment] is to determine whether a dispute about a material fact is genuine").[2] Whatever complaints the parties raise about the sufficiency of the opposing party's evidence on this and other questions in the case, the court finds that the evidence marshaled is not so flawed as to be ignored, and it is sufficient to generate genuine issues of material fact, although it is not sufficient to warrant determination of any question as a matter of law.

To put it another way, for essentially the reasons advanced by Lincoln, Transamerica's motion for summary judgment will be denied as to non-infringement, compensatory damages, and invalidity for violation of the "written description" requirement and the "new matter prohibition."

### B. Lincoln's Motion To Exclude Mr. Cleveland's Evidence

In the next motion before the court, Lincoln's September 26, 2008, Motion To Exclude David R. Cleveland's Opinions For Summary Judgment Purposes and Motion In

---

[2]The Federal Circuit Court of Appeals "'reviews the district court's grant or denial of summary judgment under the law of the regional circuit.'" *Serdarevic v. Advanced Med. Optics, Inc.*, 532 F.3d 1352, 1362 (Fed. Cir. 2008) (quoting *MicroStrategy, Inc. v. Bus. Objects, S.A.*, 429 F.3d 1344, 1349 (Fed. Cir. 2005)).

Limine No. 1 To Exclude Cleveland From Testifying (docket no. 89), Lincoln seeks to exclude, pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), evidence from Transamerica's expert, David R. Cleveland, a patent attorney, with regard to Transamerica's "written description" and "new matter" defenses under 35 U.S.C. §§ 112 and 132, respectively. Lincoln contends that, not only are Mr. Cleveland's opinions conclusory, they are also uninformed, as he has no skill, training, experience, or education relevant to the subject matter of the '201 patent. Indeed, Lincoln contends that Mr. Cleveland provides nothing more than legal argument concerning Transamerica's invalidity defenses. Thus, Lincoln requests that the court disregard Mr. Cleveland's evidence for purposes of summary judgment and exclude his evidence at trial. In a Resistance (docket no. 101), filed October 14, 2008, Transamerica argues that Mr. Cleveland's opinions are properly based in his nearly thirty years as a patent attorney and his analysis of the record and rulings in this case. Transamerica also argues that Mr. Cleveland's opinions meet the requirements of Rule 702. On October 24, 2008, Lincoln filed a Reply (docket no. 111) in further support of this motion.

In *Engineered Products Co. v. Donaldson Co., Inc.*, 313 F. Supp. 2d 951, 1009-11 (N.D. Iowa 2004), a patent case, this court considered, in some detail, the standard under *Daubert* and the Federal Rules of Evidence for admission of a scientific expert's testimony. In performing the required "gatekeeper" function, as the first step of a *Daubert* analysis, this court determined, from its review of the copious submissions in support of and resistance to the motion to exclude the expert's testimony, that the reasoning and methodology underlying the expert's testimony were scientifically valid and that his reasoning and methodology could be applied to the facts in issue. *Id.* at 1011. The court also concluded that, to exclude the expert's testimony and reports in that case would

6

"'invade the province of the jury, whose job it is to decide issues of credibility and to determine the weight that should be accorded evidence.'" *Id.* at 1011 (quoting *United States v. Vesey*, 338 F.3d 913, 916-17 (8th Cir. 2003)). As to the second step in the analysis, the court found that the proposed expert testimony was relevant and would serve to aid the trier of fact. *Id.* The court also found that the case before it was one in which "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are not only traditional, but appropriate means of attacking what [the opponent of the evidence] contend[ed] [wa]s shaky evidence." *Id.* (citing *Daubert*, 509 U.S. at 595-96).

The court reaches a similar conclusion here, as to most of Mr. Cleveland's testimony, although that testimony involves "technical, or other specialized knowledge," rather than scientific knowledge. *See* FED. R. EVID. 702 ("expert" testimony must relate to "scientific, technical, or other specialized knowledge"). Much of Mr. Cleveland's testimony appears to be based on valid reasoning and methodology, notwithstanding Lincoln's contention that he is poorly qualified to opine on any subject of interest in this case, because he is not an actuary, but a patent attorney, and professes no particular expertise with annuities. *Id.* (first step). The court also concludes that Mr. Cleveland's testimony may be rather more than marginally relevant and may serve to aid the trier of fact. *Id.* (second step). As to this step in the analysis, the court finds that this case, like *Engineered Products*, is one in which "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are not only traditional, but appropriate means of attacking what [the opponent of the evidence] contends is shaky evidence." *Id.* (citing *Daubert*, 509 U.S. at 595-96). The court does have reservations about testimony by Mr. Cleveland, however, insofar as his testimony amounts to *no more than* attempts to explain the applicable law. As this court recently explained, "a court may

7

properly exclude an expert's proffered testimony if it amounts to instructing the jury on the law, because instruction on the law is the function of the court." *United States v. Hawley*, 562 F. Supp. 2d 1017, 1039-40 (N.D. Iowa 2008) (citing *United States v. Wells*, 63 F.3d 745, 753 (8th Cir. 1995), *rev'd on other grounds*, 519 U.S. 482 (1997)). Thus, "an expert may be allowed to testify as to a fact-based opinion, but not to state legal conclusions." *Id.* at 1040 (citing *Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995)). Mr. Cleveland will not be allowed at trial to trespass upon the function of the court, but the court cannot determine until he testifies at trial whether his trial testimony exceeds permissible limitations. For purposes of summary judgment, the court has simply disregarded any improper opinions on the law offered by Mr. Cleveland.

Therefore, Lincoln's motion to exclude Mr. Cleveland's testimony will be denied, but Transamerica is cautioned not to proffer testimony by Mr. Cleveland that exceeds the proper limits on expert testimony by instructing on the law.

### C. Lincoln's Motion To Strike Affidavits Of Logan And Ziegler

The last motion now before the court is Lincoln's September 26, 2008, Motion To Strike And Exclude Affidavits Of A. Scott Logan And Ronald A. Ziegler And Related Summary Judgment Materials (docket no. 90). In that motion, Lincoln seeks to exclude *for purposes of summary judgment*, the affidavits of Mr. Logan and Mr. Ziegler, based, *inter alia*, on belated disclosure, and certain exhibits (Q, S, T, Z, and AA), based on lack of authentication. It appears that these affidavits and exhibits all relate to summary judgment on Transamerica's invalidity defenses of "anticipation" and "obviousness," but Transamerica has now withdrawn the parts of its summary judgment motion on these defenses. Lincoln does not pray for exclusion of the evidence in question in this motion at trial. Although the court believed that this motion was "mooted" by Transamerica's

8

withdrawal of parts of its summary judgment motion, Transamerica apparently took a different view, because on October 14, 2008, Transamerica filed a substantial Resistance (docket no. 102) to Lincoln's motion to exclude the affidavits of Mr. Logan and Mr. Ziegler. This was so, even though Transamerica expressly recognized in its Resistance that "[t]he affidavits that Lincoln asks the Court to strike relate to positions that have been withdrawn by Transamerica due to apparent material factual disputes raised by Lincoln in its resistance." Transamerica's Resistance (docket no. 102), 5 n.1. Transamerica does not explain, however, why it is necessary to continue to litigate the motion to strike the affidavits of Mr. Logan and Mr. Ziegler if Transamerica has withdrawn the parts of its summary judgment motion to which those affidavits related. Lincoln then felt compelled to file a Reply (docket no. 110) on October 24, 2008, in further support of its motion to strike those affidavits.

Notwithstanding the parties' continuing litigation of the question of whether the affidavits of Mr. Logan and Mr. Ziegler should be stricken long after the summary judgment motion on the issues to which those affidavits pertain has been withdrawn, this court will not engage in what appears to be a purely academic discussion about the sufficiency of those affidavits for summary judgment purposes. Rather, the court finds that Lincoln's motion to strike those affidavits should be denied as moot.

### III. CONCLUSION

Upon the foregoing,

1. Transamerica's September 2, 2008, Motion For Summary Judgment Of Non-Infringement, Summary Judgment on Lincoln's Compensatory Damages Claim, And Motion For Summary Judgment Of Invalidity (docket no. 83) is **denied** as to non-infringement, compensatory damages, and invalidity for violation of the "written

9

description" requirement and the "new matter prohibition." The motion has been **withdrawn** as to invalidity for "anticipation" and "obviousness," so that the portions of the motion relating to those issues are **denied as moot**.

2. Lincoln's September 26, 2008, Motion To Exclude David R. Cleveland's Opinions For Summary Judgment Purposes and Motion In Limine No. 1 To Exclude Cleveland From Testifying (docket no. 89) is **denied**.

3. Lincoln's September 26, 2008, Motion To Strike And Exclude Affidavits Of A. Scott Logan And Ronald A. Ziegler And Related Summary Judgment Materials (docket no. 90) is **denied as moot**.

**IT IS SO ORDERED.**

**DATED** this 27th day of October, 2008.

*[signature: Mark W. Bennett]*
_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA