**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

TRANSAMERICA LIFE INSURANCE
COMPANY, WESTERN RESERVE
LIFE ASSURANCE CO. OF OHIO, and
TRANSAMERICA FINANCIAL LIFE
INSURANCE COMPANY,

           Plaintiffs,

vs.

LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

           Defendant.

No. C 06-110-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING
TRANSAMERICA'S MOTION TO
AMEND ITS PRIOR ART
STATEMENT**

————————————

       This matter comes before the court pursuant to Transamerica's November 17, 2008, Motion To Amend Plaintiff's Prior Art Statement (docket no. 130). Lincoln filed a Resistance (docket no. 155) on November 25, 2008, and Transamerica filed a Reply (docket no. 164) in further support of its motion on December 3, 2008. Transamerica requested oral arguments on its motion, but the court has not found oral arguments to be necessary, nor has the court's crowded schedule permitted the timely scheduling of such oral arguments. Therefore, the motion is deemed fully submitted on the extensive written submissions.

       In its motion, Transamerica seeks to amend its Prior Art Statement to add the following: (1) Form N-4, Variable Account D of Union Security Insurance Co., filed by Fortis Benefits Insurance Company with the Securities and Exchange Commission on June 1, 1999 (the "Fortis reference"); (2) the Second Supplemental Expert Report of A. Scott

Logan; (3) two patent references; and (4) three excerpts from technical dictionaries. Transamerica contends that the amendment should be allowed under the court's Scheduling Order, because the amendment is offered in light of new information made available to Transamerica and unforeseen events that occurred only after Transamerica served its Prior Art Statement. Transamerica identifies the new information and unforeseen events as including (1) factually inaccurate new arguments and new documents recently revealed by Lincoln ; and (2) the decision of the Federal Circuit Court of Appeals in *In re Bilski*, 545 F.3d 943 (Fed. Cir. 2008) (*en banc*). Transamerica also argues that Lincoln will not be prejudiced by amendment of its Prior Art Statement, because Lincoln was also aware of the Fortis reference and its potential significance at least as early as Transamerica was. Under the circumstances presented here, Transamerica argues that denial of leave to amend its Prior Art Statement is an unduly harsh remedy for any untimeliness of the proffered amendment. Lincoln points out that Transamerica concedes that it knew about the prior art in question before its Prior Art Statement was filed and argues, further, that it would be prejudiced by the belated amendment of Transamerica's Prior Art Statement, but that Transamerica will not be prejudiced by its own tactical decision not to rely upon this alleged prior art sooner. In short, Lincoln contends that it is simply too late under the court's Scheduling Order to be adding alleged prior art that Transamerica has admittedly known about for years.

The pertinent part of the March 16, 2007, Scheduling Order, Discovery Plan, And Order On Miscellaneous Pretrial Matters (Scheduling Order) (docket no. 23) in this case provided for exchange and amendment of Prior Art Statements, as follows:

> **2.      Prior Art**
>
> > A.      No later than one hundred and ten (110) days after the Court's Markman order, the

2

Transamerica companies must serve on Lincoln a "Prior Art Statement," which must contain a list of all of the prior art on which the Plaintiffs/Counterclaim Defendants rely, and a complete and detailed explanation of what the Plaintiffs/Counterclaim Defendants allege the prior art shows and how that prior art invalidates the claims asserted by Lincoln

B.     No later than one hundred forty-five (145) days after the Court's Markman order, Lincoln must serve the Transamerica companies a "Prior Art Statement" which must contain a complete and detailed response to the Plaintiffs/Counterclaim Defendants' Prior Art Statement.

C.     After service of Lincoln's Prior Art Statement, the Plaintiffs/Counterclaim Defendants may add prior art to their original Statement only with leave of court, upon a showing that:

i.      the prior art was not known to the Plaintiffs/Counterclaim Defendants when their Prior Art Statement was served;

ii.     the prior art reasonably could not have been discovered earlier by the Plaintiffs/Counterclaim Defendants;

iii.    it is not merely cumulative of prior art already listed; and

iv.     the Plaintiffs/Counterclaim Defendants will be prejudiced if leave is denied, and Lincoln will not be prejudiced if leave is given.

Scheduling Order, "Other Matters," ¶ 2.

This is Transamerica's third motion to amend or supplement pleadings or other submissions after the deadlines for such amendments or supplements in the March 16, 2007, Scheduling Order. The court has already denied Transamerica's motion to amend its pleadings and has set aside a magistrate judge's order granting Transamerica leave to supplement its expert report, where those motions were based on the same purportedly "new" circumstances that Transamerica contends support amendment of its prior art statement. *See Transamerica Life Ins Co. v. Lincoln Nat'l Life Ins Co.*, 2008 WL 5142182 (N.D. Iowa Dec. 5, 2008) (slip op.) (docket no. 167) (denying Transamerica's motion for leave to amend pleadings); *Transamerica Life Ins Co. v. Lincoln Nat'l Life Ins Co.*, No. C 06-110-MWB (N.D. Iowa Dec. 5, 2008) (docket no. 205) (setting aside magistrate judge's order allowing Transamerica to supplement its expert's report). For essentially the same reasons stated in one or both of those decisions, the present motion to amend Transamerica's Prior Art Statement should also be denied.

Somewhat more specifically, it is apparent that Transamerica cannot satisfy the first and second requirements in the Scheduling Order for amendment of its Prior Art Statement, that is, that it neither knew about nor could reasonably have discovered the prior art earlier, Scheduling Order, "Other Matters," ¶ 2(C)(i) & (ii), where Transamerica concedes that the prior art in question was known to Transamerica when its Prior Art Statement was served. Transamerica's November 17, 2008, Motion To Amend Plaintiff's Prior Art Statement (docket no. 130), ¶ 3. The court has already rejected Transamerica's contentions that the "new events" on which Transamerica relies warrant amendments or supplements or that newly discovered *relevance* of certain prior art warrants amendments or supplements. This is so, because even the "changed circumstances" on which Transamerica relies were not the first circumstances to demonstrate the *relevance* of the

information *already known to Transamerica*, even if newly *relevant* information could satisfy the standard for amendment of a Prior Art Statement under the Scheduling Order. It has been clear since this litigation was initiated that the validity of the '201 patent's GMWB provisions in light of prior art was an issue in the case, and it is equally clear that Transamerica recognized the relevance of the Fortis prior art reference to that issue by initially disclosing it in an earlier identification of relevant prior art, but that Transamerica then made a strategic decision not to rely on the Fortis prior art reference in later prior art statements; the court has denied leave to file the Second Supplemental Expert Report of A. Scott Logan; and it is equally clear that the additional prior art references and excerpts from technical dictionaries that Transamerica seeks to add were relevant long before now. Even to the extent that *Bilski* may have made certain prior art appear more relevant, and even if Transamerica could not have predicted the outcome in *Bilski*, the court finds that Transamerica's belated determination of the relevance of certain prior art, based, for example, on a change in the law in *Bilski*, does not constitute adequate grounds for amendment of the Prior Art Statement, because that belated determination is actually a concession that Transamerica had not adequately explored the relevance of the prior art in question before serving its original Prior Art Statement in light of what Transamerica already knew. Moreover, the court has denied Transamerica's request for leave to assert a "patent-eligible subject matter" claim or defense based on *Bilski*, so that neither *Bilski* nor prior art that would support a *Bilski* claim or defense has any relevance to this litigation.

Consequently, Transamerica's amendment to its Prior Art Statement will not be allowed under the Scheduling Order's standard for such an amendment.

Moreover, the court concludes that neither Rule 37(c) of the Federal Rules of Civil Procedure nor the application of that rule by this court in *United States v. Hawley*, 562 F.

Supp. 2d 1017 (N.D. Iowa 2008), requires the court to allow Transamerica's belated amendment to its Prior Art Statement in this case. First, for the reasons that Transamerica cannot satisfy the requirements of the Scheduling Order for such an amendment, Transamerica cannot satisfy the "substantially justified" requirement under Rule 37(c). To put it another way, Transamerica offers no adequate reason for not including the prior art in question in its original Prior Art Statement by the deadline in the Scheduling Order. *See Hawley*, 562 F. Supp. 2d at 1029 (considering whether there are "adequate reasons for noncompliance" as the first factor in a four-factor test for the appropriate remedy for untimely disclosures under Rule 37(c)'s "substantially justified" and "harmless" standard).

Nor can the court find that the belated amendment of Transamerica's Prior Art Statement would be "harmless" within the meaning of Rule 37(c). Even if Lincoln was not actually surprised by injection of the new prior art in question, because Lincoln has also been aware of all of it, Lincoln would certainly be prejudiced by belated injection of issues based on that prior art, because it is now severely hampered in its ability to prepare to address Transamerica's reliance on additional prior art such a short time before trial and long after discovery has closed. *Id.* (the second factor in the analysis of the remedy for untimely disclosure under Rule 37(c) is surprise and prejudice to the non-movant). To remedy that prejudice, the court would have to disrupt the order and efficiency of the trial, *see id.* (third factor in determination of the remedy for untimely disclosure under Rule 37(c) is disruption to the order and efficiency of the trial), even though the trial has been continued for two months until February 2, 2009, if for no other reason than because it is unrealistic to expect Lincoln to analyze the prior art, depose the expert, and prepare a rebuttal report within the compressed time available, while pursuing other pretrial preparations. Finally, the importance of the "new" prior art, *see id.* (final factor), is severely undercut by Transamerica's initial reliance upon some of that prior art, then

withdrawal of that reliance in favor of reliance on other prior art that Transamerica plainly thought was more important.

Consequently, Transamerica's amendment to its Prior Art Statement will not be allowed, even under the Rule 37(c) "substantially justified" or "harmless" standard.

THEREFORE, Transamerica's November 17, 2008, Motion To Amend Plaintiff's Prior Art Statement (docket no. 130) is **denied**.

**IT IS SO ORDERED.**

**DATED** this 19th day of December, 2008.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA