# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, WESTERN RESERVE LIFE ASSURANCE CO. OF OHIO, and TRANSAMERICA FINANCIAL LIFE INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> vs. <br><br> LINCOLN NATIONAL LIFE INSURANCE COMPANY, <br><br> Defendant. | No. C 06-110-MWB <br><br> **MEMORANDUM OPINION AND ORDER REGARDING MOTIONS IN LIMINE CONCERNING EXPERTS** |

_____

This litigation involves United States Patent No. 7,089,201 B1 (the '201 patent), which is entitled "METHOD AND APPARATUS FOR PROVIDING RETIREMENT INCOME BENEFITS." The '201 patent is assigned to Lincoln National Life Insurance Company (Lincoln). On August 8, 2006, Transamerica Life Insurance Company, Western Reserve Life Assurance Co. of Ohio, and Transamerica Financial Life Insurance Company collectively as "Transamerica," filed a Complaint For Declaratory Judgment (docket no. 1) initiating this action. In its Complaint, Transamerica asserts, in essence, that it is not infringing the '201 patent by selling various annuity product contracts. In contrast, in an Answer To Plaintiffs' Complaint And Patent Infringement Counterclaim (docket no. 14), filed December 29, 2006, Lincoln seeks declarations that the '201 patent is not invalid and that Transamerica is infringing it. Lincoln also seeks damages for infringement, injunctive relief from such infringement, and reasonable attorney fees for litigating this matter

Trial in this matter was set to begin on December 1, 2008, but the trial was subsequently continued to February 2, 2009, to accommodate the court's schedule, and new deadlines were established for pretrial motions. Specifically, the October 31, 2008, Order Resetting Trial, Final Pretrial Conference, Setting Deadlines And Restating Requirements for Final Pretrial Order (Order Resetting Trial) (docket no. 118) provided that "all *Daubert* motions must be filed on or before November 18, 2008," with responses due December 5, 2008, and replies, although expressly not encouraged, due December 10, 2008. Order Resetting Trial, § XII.[1]

In compliance with the deadlines in the Order Resetting Trial, the parties filed the following motions concerning experts now before the Court: Lincoln's Motion In Limine No. 3 To Exclude Any And All Testimony Or Evidence Regarding Or Relating To The Opinions Of Attorney Kirk M. Hartung (docket no. 134); Lincoln's Motion In Limine No. 5 And Motion To Exclude Under *Daubert* Anticipated Opinion Testimony On Invalidity Defenses (docket no. 136); Lincoln's Motion To Renew Motion In Limine No. 1 And Motion To Exclude Under *Daubert* David R. Cleveland From Testifying At Trial (docket no. 137); Lincoln's Motion In Limine No. 6 And Motion To Exclude Under *Daubert* James Van Elsen From Testifying (docket no. 138); Transamerica's Motion To Exclude Expert Testimony Of Donald F. Behan, Ph.D. (docket no. 141); Transamerica's Motion *In Limine* To Exclude The Expert Testimony Of Donald F. Behan, Ph.D., Regarding Validity Of The '201 Patent (docket no. 142); and Transamerica's Motion To Exclude The Expert Testimony Of Terry Musika (docket no. 151). All the motions now

---

[1]The Order Resetting Trial also provided that all motions in limine must be filed by November 18, 2008, with responses due December 5, 2008, and replies due December 10, 2008, although replies were, again, expressly "not encouraged." Order Resetting Trial, § XI. The court will rule on motions in limine not involving experts by separate order.

2

before the court, save one, have been duly resisted and several have been further supported by replies, despite the court's express lack of encouragement for such replies. On December 10, 2008, Transamerica filed a Withdrawal Of Transamerica's Motion In Limine (Dkt. No. 142) To Exclude The Expert Testimony Of Donald F. Behan, Ph.D., Regarding The Validity Of The '201 Patent (docket no. 193), which Lincoln had not resisted. The Withdrawal will be granted and the Motion In Limine (docket no. 142) will be denied as moot. The court must resolve the remaining motions, however.

Oral arguments have been requested on some or all of these motions. However, the court's crowded schedule has not permitted the timely scheduling of such oral arguments, and the court finds that all of the motions have been extensively briefed, so that it is unlikely that the oral arguments will enhance the court's understanding of the issues presented. Therefore, the motions are deemed fully submitted on the written submissions.

Most of the motions seek to exclude expert testimony pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). In *Engineered Products Co. v. Donaldson Co., Inc.*, 313 F. Supp. 2d 951, 1009-11 (N.D. Iowa 2004), another patent case, this court considered, in some detail, the standard under *Daubert* and the Federal Rules of Evidence for admission of a scientific expert's testimony. In performing the required "gatekeeper" function, as the first step of a *Daubert* analysis, this court determined, from its review of the copious submissions in support of and resistance to the motion to exclude the expert's testimony, that the reasoning and methodology underlying the expert's testimony were scientifically valid and that the expert's reasoning and methodology could be applied to the facts in issue. *Id.* at 1011. The court also concluded that to exclude the expert's testimony and reports in that case would "'invade the province of the jury, whose job it is to decide issues of credibility and to determine the weight that should be accorded evidence.'" *Id.* at 1011 (quoting

3

*United States v. Vesey*, 338 F.3d 913, 916-17 (8th Cir. 2003)). As to the second step in the analysis, the court found that the proposed expert testimony was relevant and would serve to aid the trier of fact. *Id.* The court also found that the case before it was one in which "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are not only traditional, but appropriate means of attacking what [the opponent of the evidence] contend[ed] [wa]s shaky evidence." *Id.* (citing *Daubert*, 509 U.S. at 595-96).

The court reaches a similar conclusion here, as to the expert testimony challenged on Rule 702 or *Daubert* grounds, although that testimony here involves "technical, or other specialized knowledge," rather than scientific knowledge. *See* FED. R. EVID. 702 ("expert" testimony must relate to "scientific, technical, or other specialized knowledge"). The challenged experts' testimony appears to be based on valid reasoning and methodology, notwithstanding the challenging parties' contentions that various experts are poorly qualified to opine on any subject of interest in this case, because of their areas of expertise, or because of their lack of expertise with annuities, or because their methodologies are purportedly flawed. *Id.* (first step). The court also concludes that the challenged experts' testimony may be rather more than marginally relevant and may serve to aid the trier of fact. *Id.* (second step). As to this step in the analysis, the court finds that this case, like *Engineered Products*, is one in which "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are not only traditional, but appropriate means of attacking what [the opponent of the evidence] contends is shaky evidence." *Id.* (citing *Daubert*, 509 U.S. at 595-96). The court does have reservations about testimony by various experts insofar as it amounts to *no more than* attempts to explain the applicable law. As this court recently explained, "a court may properly exclude an expert's proffered testimony if it amounts to instructing the jury on

4

the law, because instruction on the law is the function of the court." *United States v. Hawley*, 562 F. Supp. 2d 1017, 1039-40 (N.D. Iowa 2008) (citing *United States v. Wells*, 63 F.3d 745, 753 (8th Cir. 1995), *rev'd on other grounds*, 519 U.S. 482 (1997)). Thus, "an expert may be allowed to testify as to a fact-based opinion, but not to state legal conclusions." *Id.* at 1040 (citing *Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995)). Therefore, no expert will be allowed at trial to trespass upon the function of the court, but the court cannot determine until the experts testify at trial whether their trial testimony exceeds permissible limitations. Therefore, no expert testimony will be excluded pretrial on *Daubert* or Rule 702 grounds.

To the extent that the parties challenge the experts' testimony on other "relevance" grounds, for example, as such testimony pertains to invalidity defenses or theories of infringement or damages, the admissibility of such testimony turns on the relevance of the challenged defenses and theories. To the extent that the court has already excluded various of Transamerica's belatedly asserted invalidity defenses, such as an "inequitable conduct" defense or a "patent-eligible subject matter" defense, or has already excluded a belated supplemental expert report, or has denied leave for belated amendment of Transamerica's prior art statement, *see Transamerica Life Ins Co. v. Lincoln Nat'l Life Ins Co.*, 2008 WL 5142182 (N.D. Iowa Dec. 5, 2008) (slip op.) (docket no. 167) (denying Transamerica's motion for leave to amend pleadings); *Transamerica Life Ins Co. v. Lincoln Nat'l Life Ins Co.*, ___ F. Supp. 2d ___, 2008 WL 5265029 (N.D. Iowa Dec. 18, 2008) (docket no. 205) (setting aside magistrate judge's order allowing Transamerica to supplement its expert's report); *Transamerica Life Ins Co. v. Lincoln Nat'l Life Ins Co.*, 2008 WL 5377719 (N.D. Iowa Dec. 19, 2008) (slip op.) (docket no. 207) (denying Transamerica's motion to amend plaintiff's prior art statement), the related expert testimony is plainly irrelevant. To the extent that the experts' testimony relates to challenged theories of infringement or

5

damages, the relevance of the experts' testimony turns on the court's disposition of the related challenges to those theories, which will be addressed in a separate order in response to the pertinent motions in limine or at trial. To the extent that the experts' testimony may relate only to allegations of willful infringement, which have now been withdrawn, such testimony is irrelevant, but the extent to which such testimony may be relevant to other issues concerning Transamerica's conduct depends, in large part, on what evidence is presented at trial. The court concludes, therefore, that in none of these instances is it necessary—or necessarily possible—for the court to make a separate pretrial ruling on the admissibility of the experts' testimony.

Finally, to the extent that the parties challenge the experts' testimony on the grounds of timeliness of the disclosure of the experts' opinions, except as the court has already otherwise addressed such objections in separate rulings, the court finds that the challenges simply come far too late. Because the parties have had more than adequate opportunity to respond to the purportedly late-disclosed expert opinions, and more than adequate opportunity to make more timely challenges to such late-disclosed expert opinions, in each instance, the court finds that the belated disclosures are harmless. *See United States v. Hawley*, 562 F. Supp. 2d 1017, 1029-30 (N.D. Iowa 2008) (the court has wide discretion to fashion a remedy for untimely disclosures and may exclude late-disclosed evidence unless the belated disclosure is substantially justified or harmless).

THEREFORE,

1. Lincoln's November 18, 2008, Motion In Limine No. 3 To Exclude Any And All Testimony Or Evidence Regarding Or Relating To The Opinions Of Attorney Kirk M. Hartung (docket no. 134) is **denied**;

6

2. Lincoln's November 18, 2008, Motion In Limine No. 5 And Motion To Exclude Under *Daubert* Anticipated Opinion Testimony On Invalidity Defenses (docket no. 136) is **denied**;

3. Lincoln's November 18, 2008, Motion To Renew Motion In Limine No. 1 And Motion To Exclude Under *Daubert* David R. Cleveland From Testifying At Trial (docket no. 137) is **denied**;

4. Lincoln's November 18, 2008, Motion In Limine No. 6 And Motion To Exclude Under *Daubert* James Van Elsen From Testifying (docket no. 138) is **denied**;

5. Transamerica's November 18, 2008, Motion To Exclude Expert Testimony Of Donald F. Behan, Ph.D. (docket no. 141) is **denied**;

6. Transamerica's November 18, 2008, Motion To Exclude The Expert Testimony Of Terry Musika (docket no. 151) is **denied**; and

7. a. Transamerica's December 10, 2008, Withdrawal Of Transamerica's Motion In Limine To Exclude The Expert Testimony Of Donald F. Behan, Ph.D., Regarding The Validity Of The '201 Patent (docket no. 193) is **granted**; and

b. Transamerica's November 18, 2008, Motion *In Limine* To Exclude The Expert Testimony Of Donald F. Behan, Ph.D., Regarding Validity Of The '201 Patent (docket no. 142) is, consequently, **denied as moot**.

**IT IS SO ORDERED.**

**DATED** this 5th day of January, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA